## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
ROBERT W. KEOGH, as he is ADMINISTRATOR, and )
FESTUS JOYCE AND JOHN S. DESMOND, as they are )
TRUSTEES, SHEET METAL WORKERS LOCAL )
UNION NO. 17 INSURANCE FUND; JOHN S. )
DESMOND AND NEAL KELLEHER, as they are )
TRUSTEES, SHEET METAL WORKERS LOCAL )
UNION NO. 17 ANNUITY FUND; KEVIN GILL and )
ROBERT BUTLER, as they are TRUSTEES, and JOHN )
HEALY, as he is COORDINATOR, SHEET METAL )
WORKERS LOCAL UNION NO. 17 APPRENTICE )
AND TRAINING FUND; JOHN HEALY AND KEVIN )
GILL, as they are TRUSTEES, SHEET METAL )
WORKERS LOCAL UNION NO. 17 SUPPLEMENTAL )      C.A. No.
PENSION PLAN; THOMAS GUNNING, JR., as he is )
ADMINISTRATOR, EASTERN MASSACHUSETTS )
SHEET METAL INDUSTRY FUND, ROBERT BUTLER,)
as he is TRUSTEE, LABOR MANAGEMENT )
COOPERATION TRUST FUND, and LOCAL UNION )
NO. 17, SHEET METAL WORKERS' )
INTERNATIONAL ASSOCIATION, )
        Plaintiffs, )
)
        v. )
)
SYDNEY SHEETMETAL, INC. and )
GENERAL AIR-CONDITIONING/HEATING, INC., )
        Defendants )
)
        and )
)
SOVEREIGN BANK, )
        Trustee. )
_____)

## COMPLAINT

## NATURE OF ACTION

1.    This is an action brought pursuant to Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and

(d)(1) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), as

amended, 29 USC §185, by employee benefit plans and trust funds and a union to enforce the

obligations to make contributions to such plans and other funds, and pay working dues to the

union, as required under the terms of a collective bargaining agreement and ERISA.

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to Sections 502(a), (d), (e) and

(f) and 515 of ERISA, 29 U.S.C. §§1132(a), (d), (e) and (f) and §1145, and Section 301 of the

LMRA, as amended, 29 USC §185, without respect to the amount in controversy or the

citizenship of the parties.

## PARTIES

3.      Plaintiff Robert W. Keogh is the Administrator, and Plaintiffs Festus Joyce and

John S. Desmond are trustees, of the Sheet Metal Workers Local Union No. 17 Insurance Fund

("Insurance Fund").  The Insurance Fund is an "employee welfare benefit plan" within the

meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1), which provides medical, dental and

other benefits to its participants.   The Insurance Fund is administered at 1157 Adams Street,

Dorchester, Massachusetts, within this judicial district.

4.      Plaintiff Robert W. Keogh is the Administrator and Plaintiffs John S. Desmond

and Neal Kelleher are trustees of the Sheet Metal Workers Local Union No. 17 Annuity Fund

("Annuity Fund").   The Annuity Fund is an "employee pension benefit plan" within the meaning

of Section 3(2) of ERISA, 29 U.S.C. §1002(2), which provides a supplement to pension benefits

after retirement.   The Annuity Fund is administered at 1157 Adams Street, Dorchester,

Massachusetts, within this judicial district.

5.      Plaintiff John Healy is the Coordinator and Plaintiffs Kevin Gill and Robert

Butler are trustees of the Sheet Metal Workers Local Union No. 17 Apprentice and Training

Trust Fund ("Apprentice and Training Fund").  The Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1181 Adams Street, Dorchester, Massachusetts, within this judicial district.

6.    Plaintiff Robert W. Keogh is the Administrator and Plaintiffs John Healy and Kevin Gill are trustees of the Sheet Metal Workers Local Union No. 17 Supplemental Pension Plan ("Supplemental Pension Plan").  The Supplemental Pension Plan is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2), which provides supplemental pension benefits after retirement.   The Plan is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

7.    The Insurance, Annuity, Supplemental Pension, and Apprentice and Training Funds are multi-employer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

8.    Plaintiff Robert Butler is a trustee of the Labor Management Cooperation Trust ("Equality Fund").  The Equality Fund is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

9.    Plaintiff Thomas Gunning, Jr. is the administrator of the Eastern Massachusetts Sheet Metal Industry Fund ("Industry Fund").  The Industry Fund is administered at 100 Grossman Drive, Braintree, Massachusetts, within this judicial district.   All of the above referenced Funds are collectively referred to herein as the "Local Funds."

10.    Plaintiff Local Union No. 17, Sheet Metal Workers' International Association is an "employee organization" within the meaning of ERISA, 29 U.S.C. §1002(4) and is also a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. §152,

and is party to a collective bargaining agreement with the Boston Roofing Contractor Associations of the BTEA and Sheet Metal and Airconditioning Contractors National Association ("SMACNA").

11.     On information and belief, Defendant Sydney Sheetmetal, Inc. (hereinafter "Sydney" or "the Employer") is a Massachusetts corporation, and is an employer engaged in commerce within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §1002(5), (11) and (12), and 29 U.S.C. §152(2).  On information and belief, Sydney has its principal place of business at 7 Gaston Street, Dorchester, Massachusetts.

12.     On information and belief, Defendant General Air-Conditioning/Heating, Inc. ("General Air-Conditioning") is a Massachusetts corporation with a principal place of business at 7 Gaston Street, Dorchester, Massachusetts.

13.     On information and belief, Sovereign Bank is a banking institution holding assets of Sydney.

## GENERAL ALLEGATIONS OF FACT

14.     General Air-Conditioning became a signatory to a collective bargaining agreement ("Agreement") between Local Union No. 17 of the Sheet Metal Workers' International Association ("Local 17" or "the Union") and the Boston Roofing Contractor Associations of the BTEA and Sheet Metal and Air-Conditioning Contractors' National Association ("SMACNA") Boston, in October 1997, which provides in Article XII, Section 2 that it will "continue in force from year to year thereafter unless written notice of reopening is given not less than 90 days prior to the expiration date."  A true, accurate and authentic copy of that Agreement is attached hereto as Exhibit A.

4

15.     Among its other obligations, the Agreement between General Air-Conditioning and Local 17 at Article II, Section 1 requires that "[n]o Employer shall subcontract or assign of the work described herein which is to be performed at a job site to any contractor, subcontractor or other person or party who fails to agree in writing to comply with the conditions of employment contained herein, including without limitations, those relating to union security, rates of pay and working conditions, hiring and other matters covered hereby for the duration of the project."

16.     From the time General Air-Conditioning became signatory to the collective bargaining agreement with Local 17 to the present, General Air-Conditioning has never withdrawn or repudiated its status as a signatory contractor either with the Union or, upon information and belief, with  SMACNA.

17.     On information and belief, in the late 1990s and early 2000s, General Air-Conditioning employed a Local 17 bargaining unit member named Earl Sydney.

18.     In or about 2001, Earl Sydney established his own company called Sydney Sheetmetal, Inc., which in approximately April 2003 became signatory to the collective bargaining agreement ("Agreement") between Local 17 and SMACNA. The Agreement, originally effective from 2001 through August 2005, extended through July 31, 2013, and most recently extended through July 31, 2018, provides that it will "continue in force from year to year thereafter unless written notice of reopening is given not less than 90 days prior to the expiration date."   A true, accurate and authentic copy of the Agreement originally signed by Earl Sydney for Sydney Sheetmetal is attached hereto as Exhibit B, and a copy of the Memorandum of Understanding regarding extension of the Agreement through July 31, 2013 is attached hereto as Exhibit C.

19.     On information and belief General Air-Conditioning and Sydney have shared office space and office staff since approximately 2003.

20.      On information and belief, both General Air-Conditioning and Sydney Sheetmetal share or have in common at least one corporate officer. Pamela Woodley serves as a director of Sydney Sheetmetal, and also serves as an Assistant Secretary for General Air-Conditioning.

21.     The Agreements signed by Sydney and General Air-Conditioning require them to make contributions to the Plaintiff Funds for each hour worked by covered employees in the type of work covered by the Agreement. See Addenda to Exhibit B at Nos. 8, 10, 11, 15, and 33; Addenda to Exhibit A at Nos. 9, 11, 12, 16, and 35.

22.     The Agreements also oblige signatory contractors to withhold working dues in specified amounts from the hourly wages of members, and to remit those working dues to Local 17 along with reports and information that allow the Union to identify and credit each member properly. See Addenda to Exhibit A at No. 7; Addenda to Exhibit B at No. 6.

23.     The Agreements require signatory contractors to make contributions to the Funds on a weekly basis, and to submit monthly reports capturing all hours worked by Union members. Contributions to the Funds must be received by the close of business of the twentieth (20th) day of the second month following the month in which the hours were worked by Union members. See Addenda to Exhibit B at Nos. 8(c), 10(c), 11(c)-(d), 15(d), and 33(c); Addenda to Exhibit A at Nos. 9(c), 11(c), 12(d), 16(d) and 35(c).

24.     The Agreements also provide that the employers "shall make available" to the Funds any and all records of covered employees that the Funds may require in connection with

their sound and efficient operation.  <u>See</u> Addenda to Exhibit A at No. 12(b); Addenda to Exhibit

B at No. 11(b).

25.     The Agreements further provide that "[t]he Employer agrees that no evasion of the

terms, requirements and provisions of the Standard Form of Union Agreement, including all

addenda attached thereto, will take place by the setting up of another business to do work

covered by this Agreement, or in any other way attempt to or actually evade or nullify

responsibility hereunder.  If and when the Employer shall perform any work of the type covered

by this Agreement, under its own name or under the name of another, as a corporation, company,

partnership, or any other business entity, including a joint venture, wherein the Employer through

its officers, directors, partners or stockholders, exercised either directly or indirectly,

management, control or majority ownership of such other entity, the terms and conditions of this

agreement shall be applicable to all such work." Exhibit A and Exhibit B, Art. II, Section 3(a).

26.     Sydney sent remittance reports to the Funds' Office showing contributions owed

to the Local Funds in the amount of $28,534.80, and working dues owed to the Union in the

amount of $2,488.50, for hours worked during the months of May and June 2013, plus

contributions owed to the Sheet Metal Workers National Funds ("National Funds") in the amount

of approximately $13,877. Sydney did not pay the contributions or remit the working dues owed

for those months, and still has not paid those contributions or remitted the dues to date.

27      On information and belief, Sydney owes additional contributions to the Local

Funds and additional working dues to the Union for the period July 2013 through the present.

28.     The Funds' Office has communicated with Earl Sydney and demanded payment of

all contributions owed by Sydney to the Funds for the period May 2013 through the present.

29.     Funds' legal counsel for collections, Elizabeth A. Sloane, sent a letter to Earl Sydney in October 2013 demanding payment of all contributions owed.  To date, Sydney has failed to pay the amount of contributions due for May and June 2013 and any additional amounts owed to date.

30.     Based on the remittance reports and the Funds' Office estimates, Sydney owes the Local Funds and National Funds combined approximately $42,412 in contributions for the period May through June 2013, and owes the Union $2,488.50 in working dues for the same period, plus a currently unliquidated amount of contributions and working dues for the period July 2013 through the present.

31.     On information and belief, General Air-Conditioning used Sydney as its sheet metal subcontractor on multiple construction projects between 2003 and 2013.

32.     On information and belief, Earl Sydney suspended operations of Sydney Sheetmetal sometime after June 30, 2013.

33.     On information and belief, following the suspension of Sydney Sheetmetal's operations in the middle of 2013, Earl Sydney became employed directly or in some capacity by General Air-Conditioning.

34.     On information and belief, General Air-Conditioning has hired sheet metal subcontractors who have not signed onto the Agreement with the Union to work on various jobs throughout the Commonwealth of Massachusetts in the months since Sydney Sheetmetal suspended its operations, and the subcontractors' employees have performed work covered by the Agreement.

35.     On information and belief, Earl Sydney has supervised or worked alongside these various non-signatory sheet metal subcontractors performing work covered by the Agreement

between July 2013 and through the present on General Air-Conditioning jobs, and General Air-Conditioning has failed to pay contributions to the Funds and remit dues to the Union for hours worked by Sydney and the employees of the non-signatory contractors who are covered by the Agreement.

36.     Because neither Sydney or General Air-Conditioning ever repudiated their status as signatory contractors to the Agreements with Local 17, the terms and conditions of the Agreements, including the prohibition on hiring subcontractors who are not signatory to the Agreement and the requirement to pay contributions to the Funds and deduct and remit working dues to the Union for covered work, remain binding on them.

37.     Upon information and belief, General Air-Conditioning has violated its obligations under the Agreement by hiring non-signatory subcontractors to perform work covered by the Agreement and failing to pay contributions to the Funds and working dues to the Union for such hours of covered work.

38.     On information and belief, General Air-Conditioning is operating as a disguised continuance of Sydney and/or the two companies are alter egos.

**COUNT I – VIOLATION OF ERISA -
UNPAID CONTRIBUTIONS**

39.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 38 above.

40.     Sydney owes the Local Funds contributions in the amount of $28,534.80 for hours worked during the months of May and June 2013 and owes contributions to the National Funds in the amount of approximately $13,877, for the period May through June 2013, plus a currently unliquidated amount of contributions for the period July 2013 through the present.

41.     Sydney's failure to make contributions to the Insurance, Annuity, Apprentice and Training and Supplemental Pension Funds on behalf of all covered employees and as required by the terms of the Agreement violates Section 515 of ERISA, 29 U.S.C. §1145.

42.     Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to unpaid contributions, interest thereon, liquidated damages, attorneys' fees and costs, audit fees and costs, and other appropriate legal and equitable relief.  29 USC §1132(g)(2).

43.     Absent an order from this Court, Defendant Sydney will continue to refuse to pay the monies they owe to the Funds, and the Funds and their participants will be irreparably damaged.

44.     A copy of this Complaint is being served upon the Secretary of Labor, the Secretary of the Treasury and the U.S. Attorney General by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT II – VIOLATION OF LMRA -
UNPAID CONTRIBUTIONS AND DUES**

45.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-44, supra.

46.     Sydney is obligated to make contributions to the Funds and pay dues to the Union under its collective bargaining agreement with the Union, which is an agreement under Section 301 of the Labor Relations Management Act, 29 USC §185.

47.     Sydney's failure to make all contributions to the Funds and to remit all Union dues deducted from wages to the Union on behalf of all covered employees as required by the collective bargaining agreement violates the collective bargaining agreement and Section 301 of the LMRA, 29 USC §185.

## COUNT III - VIOLATION OF ERISA
## BY GENERAL AIR-CONDITIONING/HEATING, INC.

48.     Plaintiffs incorporate by reference each and every allegation set forth in

paragraphs 1-47 supra.

49.     Upon information and belief, General Air-Conditioning was obligated to pay

contributions to the Local Funds and dues to the Union for hours worked by Earl Sydney and the

employees of non-signatory subcontractors that were covered by the Agreement during 2013 and

through the present.

50.     Upon information and belief, General Air-Conditioning is also jointly and

severally liable as a disguised continuance of or alter ego of Sydney for contributions Sydney

owes to the Local Funds for work covered by the Agreement from May 1, 2013 through the

present.

## COUNT IV --VIOLATION OF LMRA – GENERAL AIR-CONDITIONING

51.     Plaintiffs incorporate by reference each and every allegation set forth in

paragraphs 1-50 supra.

52.     The terms and conditions of the Agreement, as amended, continue to apply to

General Air-Conditioning since it signed the Agreement, and have remained in full force and

effect over the course of successor collective bargaining agreements.

53.     General Air-Conditioning violated the express terms of the Agreement by hiring

sheet metal subcontractors during 2013 and through the present that did not agree in writing to be

bound by the terms of the Agreement.

54.     General Air Conditioning's breach of the Agreement makes General Air-

Conditioning liable for payment of all working dues and contributions to the Funds for the hours

worked by Earl Sydney and the employees of the non-union contractors who worked in employment covered by the Agreement from May 1, 2013 through the present.

WHEREFORE, the Plaintiff Funds and Union request this Court to grant the following relief on Counts I through IV:

a.     Order the attachment by trustee process of the bank accounts of Sydney held by Sovereign Bank.

b.     Order the attachment of the machinery, inventory and accounts receivable of Sydney.

c.     Order Sydney and General Air-Conditioning to provide the Funds or their duly authorized representative all of their payroll and contract-related records, including, but not limited to, file copies of contribution reports, payroll tax returns and forms, corporate tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations from the end of the last audited date until the date of the Court's order, for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

d.     Enter a preliminary and permanent injunction enjoining Sydney and General Air-Conditioning from refusing or failing to provide the Funds or their duly authorized representative all of records prayed for in the preceding paragraph,

e.     Enter judgment in favor of the Funds in the amount of $28,534.80 in unpaid contributions, plus any additional amounts determined by the Court to be owed by Sydney and General Air-Conditioning for the period July 1, 2013 through the present, or which may become due during the pendency of this action, together with interest on the unpaid contributions,

liquidated damages, and reasonable attorneys' fees, and all costs, all pursuant to 29 U.S.C.
§1132(g)(2);

      f.      Enter judgment in favor of the Union in the amount of $2,488.50 in unpaid
working dues, plus any additional amounts determined by the Court to be owned by Sydney and
General Air-Conditioning for the period July 1, 2013 through the present, or which may become
due during the pendency of this action.

      g.      Enter a temporary restraining order against General Air-Conditioning/Heating,
Inc. and their agents, servants, employees, attorneys, and upon those persons in active
participation or concert with them, and those persons acting at their command who receive actual
notices of this temporary restraining order by personal service or otherwise, and each and every
one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging,
encumbering, assigning, or in any way or manner disposing of or reducing the value of, or
making any payment to Sydney Sheetmetal on account of sums that are due or will hereafter
become due to Sydney Sheetmetal from General Air-Conditioning;

      h.      After notice and a hearing, enter an Order containing prayer 'g' or entering prayer
'g' as a preliminary injunction; and

      i.      Such further and other relief as this Court deems appropriate.

            Respectfully submitted,

            ROBERT W. KEOGH, as he is
            ADMINISTRATOR, and FESTUS JOYCE
            AND JOHN S. DESMOND, as they are
            Trustees, SHEET METAL WORKERS
            LOCAL NO. 17 INSURANCE FUND,
            JOHN S. DESMOND AND NEAL
            KELLEHER as they are TRUSTEES,
            SHEET METAL WORKERS LOCAL
            UNION NO. 17 ANNUITY FUND; KEVIN
            GILL and ROBERT BUTLER, as they are
            TRUSTEES, and JOHN HEALY, as he is

COORDINATOR, SHEET METAL
WORKERS LOCAL UNION NO. 17
APPRENTICE AND TRAINING FUND;
JOHN HEALY AND KEVIN GILL, as they
are TRUSTEES, SHEET METAL
WORKERS LOCAL UNION NO. 17
SUPPLEMENTAL PENSION PLAN;
THOMAS GUNNING, JR., as he is
ADMINISTRATOR, EASTERN
MASSACHUSETTS SHEET METAL
INDUSTRY FUND, and ROBERT
BUTLER, as he is TRUSTEE, LABOR
MANAGEMENT COOPERATION TRUST
FUND

by their attorneys,

/s/ Elizabeth A. Sloane__
Elizabeth A. Sloane, Esq., BBO#567866
Louis A. Mandarini, Esq., BBO#669293
SEGAL ROITMAN, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 603-1433
(617) 742-2187 (fax)
esloane@segalroitman.com
lmandarini@segalroitman.com

LOCAL UNION NO. 17, SHEET METAL
WORKERS' INTERNATIONAL
ASSOCIATION

by its attorneys,

/s/ Paul F. Kelly__
Paul F. Kelly, Esq., BBO#267000
SEGAL ROITMAN, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 603-1412
(617) 742-2187(fax)
pkelly@segalroitman.com

Dated:  January 31, 2014

ESloane\8603\13-363 Sydney Sheet Metal\Sydney Complaint Final.doc